Atkinson, J.,
delivered the opinion of the court:
The claimant herein seeks the pay of a colonel from November 25 to December 17, 1861, on the following state of facts:
On November 25,1861, the claimant was commissioned by the governor of Ohio as colonel of the Sixty-sixth Ohio Yol- *486 unteer Infantry, then in process of organization at Camp McArthur, near Urbana, Ohio.
At the time the claimant was commissioned said regiment was unorganized, and consequently below the minimum number of men entitling it to a colonel, and so continued until December 17,1861, when the claimant was, upon the organization of the regiment, mustered into the service of the United States as colonel thereof, from .which date he has been paid. It does not appear that during the period from No- ' vember 25 to December 17, 1861, the claimant was assigned to duty in the field, or that he was a prisoner of war, or was absent from duty on account of wounds, or in hospital by reason of disability received in the line of duty. Nor does it appear that the claimant was recognized as a colonel prior to the date of his muster into the sendee of the United States.
Compensation is claimed under the act of February 24, 1897 (29 Stats., 593), which reads:
“ That any person who was duly appointed or commissioned to be an officer of the volunteer service during the war of the rebellion, and who was subject to the mustering regulations at the time applied to members of the volunteer service, shall be held and considered to have been mustered into the service of the United States in the grade named in his appointment or commission from the date from which he was to take rank under and by the terms of his said appointment or commission, whether the same was actually received by him or not, and. shall be entitled to pay, emoluments, and pension as if actually mustered at that date: Provided, That at the date from which he was to take rank by the terms of his said appointment or commission there was a vacancy to which he could be so appointed or commissioned, and. his command had either been recruited to the minimirm number required by law and the regulations of the War Department, or had been assigned to duty in the field, and that he was actually performing the duties of the grade to which he was so appointed or commissioned; or if not so performing such duties, then he shall be held and considered to have been mustered into service and to be entitled to the benefits of such muster from such time after the date of rank given in his commission as he may have actually entered upon such duties: Provided further, That any person held as a prisoner of war, or who may have been absent *487 by reason of wounds, or in hospital by reason of disability received in the service in the line of duty, at the date of issue of his appointment or commission, if a vancancy existed for him in the grade to which so appointed or commissioned, shall be entitled to all the benefits to which he would have been entitled under this act if he had been actually performing the duties of the grade to which he was appointed or commissioned at said date: Provided further, That this act shall be construed to apply only in those cases where the commission bears date prior to June twentieth, eighteen hundred and sixty-three, or after that date when the commands of the persons appointed or commissioned were not below the minimum number required by then existing laws and regulations: And provided further, That the pay and allowances actually received for the period covered by the recognition extended under this act shall be deducted from the sums otherwise to be paid thereunder.”
This statute was under construction in the similar case of Northup {ante, p. 50), so that the ruling in that case need not be repeated here, further than to say that as the facts in this case, above recited, do not bring the claimant within the provisions of the act he can not be considered to have been mustered into the service within the meaning thereof, and for that reason he is not entitled to recover.
In the act of Congress approved April 19, 1910 (Public Document, No. 139), making appropriations for the support of the Military Academy, the following provision was inserted :
“ Hereafter in administering the act of Congress approved February twenty-fourth, eighteen hundred and ninety-seven, entitled ‘An act to provide for the relief of certain officers and enlisted men of the volunteer forces,’ the decision of the War Department as to the right of any person to be held and considered to have been mustered into the service of the United States under the provisions of said act shall be conclusive, and no claims shall be allowed or considered under said act after the first day of January, nineteen hundred and eleven.”
It is not shown in the present case that the War Department ever rendered any decision on the question whether the claimant should or should not “ be held and considered to have been mustered into the service of the United States ” under said act of 1897, and therefore the effect of such *488 decision is not before the court; and our decision therefore against the claimant’s right to recover is based on the facts recited above. The petition is therefore dismissed.